IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:07CV68-V

| | |
|---|---|
| JOHNATHAN BYNUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction filed on August 21, 2007. Document #5. At the expiration of time for Plaintiff to respond to the Motion to Dismiss, this Court issued an Order requiring Plaintiff to respond to the Motion to Dismiss or otherwise to show cause as to why his action should not be dismissed. Document #6. On October 11, 2007, Plaintiff responded to the Order by filing a copy of his Social Security statement from April 6, 2007. This matter is now ripe for disposition.

Due to Plaintiff's failure to respond in a substantive matter regarding any alleged claim that he might have against the Defendant, this Court will grant the Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

### I. FACTUAL AND PROCEDURAL HISTORY

On June 1, 2007, Plaintiff commenced a small claims action against Defendant in North Carolina state court. Document #1-1. That action consisted of a one-page small claims form on which Plaintiff identified Defendant and claimed an amount of $5,240.50 and an illegible amount of interest. Id. On June 22, 2007, Defendant removed that action to this Court. Document #1.

1

On August 21, 2007, Defendant filed a Motion to Dismiss the Complaint for, inter alia, a lack of subject matter jurisdiction. Document #5. Plaintiff did not respond to this Motion within the time stipulated by the local rules. NCWD Local Rule 7.1(B). However, since Plaintiff filed this action pro se, this Court issued an Order explaining the consequences of his failure to respond to the Motion and requiring him to file a response. Document #6. On October 11, 2007, Plaintiff responded to the Court by mailing a copy of his Social Security statement from April 6, 2007. Document #8. The statement summarizes the 2003 Social Security payments to Plaintiff, and it lists the benefits for that period as $5,240.50, the principal amount claimed by Plaintiff in this action. Id. However, that statement also shows that Plaintiff repaid $7,187.60 to Defendant, thus leaving his net benefits to be -$870.60. Id. Defendant notes in its brief on this Motion that the benefits paid to Plaintiff have been offset to compensate for two separate overpayments.[1] Def. Motion to Dismiss 2.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide that an action must be dismissed if a court lacks subject matter jurisdiction over the claims brought by the plaintiff. Fed. R. Civ. P. 12(b)(1); see also Arbaugh v. Y&H Corp. 546 U.S. 500, 506 (2006).

---

[1] Defendant states that the first overpayment occurred when Plaintiff failed to inform it that he had been incarcerated, thus forgoing his Social Security benefits for that time. Def. Motion to Dismiss 2. Defendant states that the second overpayment is, it believes, the result of the Plaintiff reporting that he had not received a benefits check, but then subsequently cashing both the original and the re-issued check for a double payment. Id. The Defendant does not state the dates of these overpayments, but it notes that the offsets for the first overpayment were ended on January 31, 2006, and that the offsets for the second overpayment should be concluded by March 2009. Id. Presumably, the repayment noted on Plaintiff's Social Security statement from 2003 is part of the offsets regarding the first overpayment.

Procedurally, this court is required to construe the allegations of a pro se party more liberally than those offered by parties represented by counsel. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Although not clearly stated by the Plaintiff, this action is for the recovery of Social Security benefits.[2]

The Social Security Act provides that "any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, ... may obtain review of such decision by a civil action" in a federal district court. 42 U.S.C. § 405(g); Sims v. Apfel, 530 U.S. 103, 106 (2000) (quotations omitted). Since the Plaintiff did not first pursue the available administrative remedies, there is no final decision upon which the Plaintiff may appeal his claim for benefits to this or any other district court. Id. at 106-07. As such, this Court lacks the proper subject matter jurisdiction over the claims of Plaintiff. See Mathews v. Eldridge, 424 U.S. 319, 327 (1976) (holding that the exhaustion of administrative remedies provided for by the Social Security Act is a "jurisdictional prerequisite" for judicial review by a district court). This Court also notes that any harm from this Order of dismissal is minimal because the Plaintiff is not precluded from pursuing his claim through the administrative procedures provided for by the Social Security Administration.

**IT IS, THEREFORE, ORDERED** that the Motion to Dismiss of Defendant be granted on the grounds that this Court lacks the subject matter jurisdiction to hear the claims brought by the Plaintiff.

---

[2] Although the Plaintiff does not specify the basis for his claim, this Court finds from the Social Security statement that Plaintiff submitted, which identifies benefits in the exact amount claimed by Plaintiff, that the suit is for the payment of these Social Security benefits. Therefore, this Court finds it unnecessary to address any other basis for this claim. See Pl. Motion to Dismiss 5-6.

Signed: November 6, 2007

Richard L. Voorhees
United States District Judge